# UNITED STATES DISTRICT COURT
### Western District of Kentucky
### Louisville Division

| | | |
|---|---|---|
| Erica Lee | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  3:24-cv-548-GNS |
| | ) | |
| Midland Credit Management, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Midland Funding LLC | ) | |
|     4801 Olympia Park Plaza, Suite 4200 | ) | |
|     Louisville, KY 40241 | ) | |
| | ) | |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action by Plaintiff Erica Lee as a Kentucky consumer on behalf of herself individually and also on behalf of a class of similarly situated Kentucky consumers against Defendant Midland Credit Management, Inc. ("MCM") for its knowing, willful, unfair and thus unconscionable practices in the course of MCM's trade and commerce of consumer debt collection against Plaintiff, and similarly situated Kentucky consumer citizens giving rise to the claims of Plaintiff alleged herein and the like claims  of a class of similarly situated Kentucky consumers, stated as follows:

a)  Violation of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq*., by MCM knowingly, willfully and unfairly violating the terms of the contract between MCM and Plaintiff;

b)  Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., by MCM's knowing, willful, unfair, and abusive attempt to collect an amount from Plaintiff by filing the collection action in the Oldham District Court of Oldham County, Kentucky in violation of the terms of the contract between MCM and Plaintiff.

Plaintiff individually on behalf of herself seeks her actual damages, statutory damages, punitive damages, her court costs, and attorney fees against MCM.  Plaintiff also seeks to be appointed as class representative to represent and seek actual damages, statutory damages, punitive damages, court costs and attorney fees on behalf of a proposed class of Kentucky citizen consumers similarly situated as Plaintiff.

## JURISDICTION and VENUE

2.      Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Oldham County, Kentucky, which is located within this District.

## PARTIES

3.      Plaintiff Erica Lee is a natural person who resides in Oldham County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered with the Kentucky Secretary of State whose principal place of business is located at 350 Camino de la Reina, Suite 300, San Diego, CA 92108.

5.      MCM is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

6.      In 2021, Plaintiff Erica Lee opened a credit card account (the "Account") originated by Credit One Bank, N.A. ("Credit One").

7.      Ms. Lee used the Credit One Account for personal, family and/or household purposes, making the debt that arose out of the Credit One Account a "debt" within the meaning of the FDCPA.

8.      Among the provisions contained in the Account Agreement governing the rights between Ms. Lee and Credit One is a provision titled "Arbitration Agreement" (the "Arbitration Agreement") which makes dispute resolution by arbitration mandatory for all disputes between the parties that cannot be filed in a state's small claims court. A true and accurate copy of the Arbitration Agreement is attached as Exhibit "A."

9.      In its opening preamble and very first paragraph, the Arbitration Agreement expressly states that "you" [defined as the 'authorized user'] can be required to resolve controversies or disputes between the parties to the Agreement by "BINDING ARBITRATION" (all caps original).  The Arbitration Agreement further states that "controversies or disputes between us *will* be resolved by a neutral arbitrator instead of a judge or jury …".(emphasis added) stating:

This agreement to arbitrate provides that you or we can require controversies or disputes between us to be resolved by BINDING ARBITRATION. You have the right to REJECT this agreement to arbitrate by using the procedure explained below.

If you do not reject this agreement to arbitrate, you GIVE UP YOUR RIGHT TO GO TO COURT and controversies or disputes between us will be resolved by a NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY, using rules that are simpler and more limited than in a court. Arbitrator decisions are subject to VERY LIMITED REVIEW BY A COURT. Arbitration will proceed INDIVIDUALLY— CLASS ACTIONS AND SIMILAR PROCEDURES WILL NOT BE AVAILABLE TO YOU.

10.    Importantly, the Arbitration Agreement creates a single exception to the mandatory arbitration requirement which excepts claims eligible to be brought in the small claims court of the forum state, as follows:

**Claims Not Covered:** Claims (whether brought initially or by counter or cross-claim) are not subject to arbitration if they are filed by you or us in a small claims court, so long as the case remains in such court and only individual claims for relief are advanced in the case.

11.    Under Kentucky law, parties vested with an assigned claim cannot file such claims in Kentucky's small claims court. KRS 24A.240(2).

12.    Under Kentucky law, creditors "engaged… in the business of lending money at interest" and "debt collectors" are prohibited by statute from filing claims for the collection of debts in small claims court. KRS 24A.240(3).

13.    Ms. Lee defaulted on the Credit One Account on or about November 2021, and on July 28, 2022 Defendant Midland Credit Management, Inc. ("MCM") acquired the Account from Credit One by purchase and assignment.

14.    The Arbitration Agreement is, by its own terms and as a matter of Kentucky law, binding upon MCM as the assignee of the Account and successor in interest:

For purposes of this agreement to arbitrate, "you" includes you, any co-applicant, any Authorized User (including Additional Cardholders), or anyone else connected with you or claiming through you; and "we" or "us" includes Credit One Bank, N.A., all of its parents, subsidiaries, affiliates, successors, predecessors, employees, and related persons or entities, and all third parties who are regarded as agents or representatives of us in connection with the subject matter of the claim or dispute at issue.

15.    Despite the Arbitration Provision of the Account agreement and its requirement that all claims arising out of the Account must be resolved by arbitration, on August 1, 2024, MCM filed a state court lawsuit against Ms. Lee styled *Midland Credit Management, Inc. v. Erica Lee* Case No. 24-C-00401 in the Oldham District Court of Oldham County, Kentucky.

16.    The District Court Division of Oldham County, Kentucky is not the Small Claims Court Division of Oldham County, Kentucky.

17.    Because Kentucky law barred MCM from filing the claim of Credit One against Ms. Lee that MCM acquired by assignment from Credit One in the Small Claims Court of Oldham Count Kentucky, by the express terms of the Arbitration Agreement the only method of collection available to MCM was arbitration.

18.    MCM's filing of the State Court Lawsuit in the Oldham District Court is an objective violation of the Arbitration Agreement's mandatory requirement to arbitrate all claims not filed in Small Claims Court.

19.    By MCM filing the State Court Lawsuit in the District Court Division of Oldham County, Kentucky, MCM knowingly and intentionally violated the Account Agreement requirement to arbitrate all claims, operated as a knowing and intentional waiver of its rights under the arbitration agreement, including the right to compel individual arbitration of class action claims.

20.    MCM has caused Plaintiff to incur actual damages in having to acquire legal counsel to defend her against the wrongful State Court Lawsuit filed against her by MCM; loss of time Plaintiff has invested in defending against the wrongful collection attempts of MCM; and other incidental litigation costs and expenses.

21.    MCM violated multiple sections of the federal FDCPA statute by *inter alia* unfairly filing a lawsuit against Plaintiff in the Oldham District Court in contravention of the terms of the Account Agreement and the arbitration provision of that Agreement, which violations each created a material risk of harm to Plaintiff and the interests of consumers recognized by Congress and which it sought to protect by enacting the FDCPA.

22.    MCM violated the KCPA, KRS 367.220, by *inter alia* unfairly filing a lawsuit against Plaintiff in the Oldham District Court in contravention of the terms of the Account Agreement and the arbitration provision of that Agreement.

23.    MCM has, within the past two years prior to the filing of this Complaint, filed numerous lawsuits against numerous Kentucky citizen consumers in an attempt to collect debts from those consumers in which the lawsuits were filed in contravention of binding arbitration agreements whose provisions are identical to, or substantially the same as, the Credit One arbitration agreement governing Ms. Lee's Credit One Account.

## INDIVIDUAL CLAIMS FOR RELIEF

### I.    Violations of the FDCPA

24.    The foregoing acts and omissions of Defendants Midland Credit Management, Inc. ("MCM") as to Plaintiff Erica Lee individually constitute violations of the FDCPA which violations include, but are not limited to:

**A. Violation of 15 U.S.C. §1692e** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the Account

Agreement, thereby using false, deceptive, or misleading representation or means in connection with Defendant attempt to collect the alleged Account debt;

B. **Violation of 15 U.S.C. §1692e(2)(A)** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms terms of the Account Agreement, thereby falsely representing the status of the alleged Account debt;

C. **Violation of 15 U.S.C. §1692e(5)** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the Account Agreement, thus taking an action against Plaintiff that it could not legally take in an attempt to collect the alleged Account debt;

D. **Violation of 15 U.S.C. §1692e(10)** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the Account Agreement, thus using a false representation or deceptive means to attempt to collect the alleged Account debt;

E. **Violation of 15 U.S.C. §1692f** by bringing a lawsuit against Plaintiff in contravention of the Account Agreement and the express and mandatory arbitration terms of the alleged Account Agreement, thereby using unfair or unconscionable means to attempt to collect the alleged Account debt.

## II.    Violations of the KCPA

25.    The foregoing acts and omissions of Defendant Midland Credit Management, Inc. ("MCM") as to Plaintiff Erica Lee individually constitute violations of the KCPA.

26.    The transaction that resulted in the creation, servicing, assignment, and collection of the Credit One Account constitutes "trade" and "commerce" within the meaning of the KCPA.

27.    Ms. Lee used the Credit One Account exclusively for personal, family, and/or household purposes.

28.    Filing a lawsuit in state District Court against Ms. Lee in contravention of the Account Agreement and the express and mandatory arbitration terms of the alleged Account Agreement tis an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

29.    Ms. Lee suffered real and ascertainable losses from MCM's violations of the KCPA, including but not limited to costs, attorney's fees, and incidental expenses incurred in

engaging counsel and defending against the improperly filed State Court Lawsuit, as well as frustration, anxiety, and emotional upset.

30.    Ms. Lee is a natural person within the meaning of the KCPA.

31.    Ms. Lee suffered real and ascertainable losses from MCM's violations of the KCPA.

32.    Ms. Lee has claims against MCM under KRS 367.220, which gives her the right to recover her ascertainable damages, plus her costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

## CLASS ALLEGATIONS

33.    Plaintiff Erica Lee ("Lee") incorporates all paragraphs pleaded *supra* as if fully restated and set out herein after.

34.    Plaintiff pursuant to Fed. R. Civ. P. 23 hereby files a proposed class action complaint as the proposed class action representative against Defendants Midland Credit Management, Inc. ("MCM") on behalf of classes of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff comprised of the following persons:

**CLASS I (FDCPA Class)**

35.    All Kentucky persons/consumers who:

A.    Were named as a defendant in a lawsuit filed by, or on behalf of MCM, in any District or Circuit Court of the Commonwealth of Kentucky within one (1) year prior to the date of filing of the present action; and

B.    The claims at the basis of the lawsuit against the consumer arose out of any credit agreement, regardless of the original creditor, that included an arbitration agreement the same as, or substantially the same as the Arbitration Agreement between Plaintiff and MCM that made arbitration of claims arising from or relating in any way to the account which is the subject of the claim mandatory.

**CLASS II (KCPA Class)**

36.    All Kentucky persons/consumers who:

A.    Were named as a defendant in a lawsuit filed by, or on behalf of MCM, in any

District or Circuit Court of the Commonwealth of Kentucky within two (2) years prior to the date of filing of the present action; and

B.     The claims at the basis of the lawsuit against the consumer arose out of any credit agreement, regardless of the original creditor, that included an arbitration agreement the same as, or substantially the same as the Arbitration Agreement between Plaintiff and MCM that made arbitration of claims arising from or relating in any way to the account which is the subject of the claim mandatory.

37.     The proposed Classes as set out *supra* and represented by Plaintiff Erica Lee in this action, of which she herself is a member, consists of those persons as defined and which members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

38.     Plaintiff's claims are typical of the claims of the proposed Classes as set out supra.

39.     There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of the proposed Classes because all members of the proposed Classes have the same issues of law in common as alleged *supra*.

40.     There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

41.     Plaintiff is the representative party for the proposed Classes and is able to and will fairly and adequately protect the interest of each of the proposed Classes.

42.     Plaintiff's attorney is experienced and capable in the field of consumer rights, including violations of the FDCPA, the KCPA, and other consumer rights statutes such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

43.     Plaintiff's attorney has successfully represented other claimants in similar litigation.

44.     The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

45.     This action is properly maintained as a class action because the prosecution of

separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

46.    This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

47.    The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants.

48.    Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Erica Lee requests the Court grant her and all members of each of the Classes relief as follows:

1.    Award Plaintiff and all members of Class I the maximum statutory damages pursuant to 15 U.S.C. §1692k for MCM's violations of the FDCPA;

2.    Award Plaintiff and all members of each of the Classes their actual damages for MCM's violations of the FDCPA and KCPA;

3.    Award Plaintiff and all members of Class II punitive damages against MCM for MCM's violations of the KCPA;

4.    Award Plaintiff and all members of each of the Classes their reasonable attorney's fees and costs pursuant to the FDCPA and/or the KCPA;

5.    A trial by jury; and

6.    Such other relief as the Court and law make Plaintiff and the members of the Classes entitled.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com